## ESTATE OF JOHN McDONNIEL.

No. 4181—Aug. 16, 1875.

DEVISE.—Interpretation of phrase, "issue of her body," etc., as applied to first beneficiary to be deemed as creating an estate in *fee* in her only when such is the evident intention of testator.

SHELLEY'S CASE, rule in; "issue" not synonymous with "heirs" within the rule of Norris *vs.* Hensley, 27 Cal., 439.

Construing sections, C. C., 1329, 1334.

*J. M. Burnett*, for executor.

*D. Rogers*, contra.

The will of the testator contains the following provisions:

First—To my daughter, Hannah Hubbard, wife of, &c., I devise and bequeath the land upon which she now lives, to have the use, rents, issues and profits thereof, during the term of her natural life, but without power of selling the said land. Should she die leaving her surviving any issue of her body, then and in that case the said land on her death shall go to such issue, to be divided share and share alike.

Second—The property in this city and county on Howard Court known as No. Twenty Howard Court, I devise and bequeath to my wife Bridget McDonniel, to have the use, rents, issues and profits thereof during the term of her natural life, but without the power of selling said property. Should she die leaving her surviving any of our children, then and in that case, said property shall go on her death to such child or children. Should none of our children be alive at her death, said property shall go to my daughter Hannah and her children.

Under the first clause, Mrs. Latham asks for distribution to herself in fee. She has a deed of the property to herself from Mrs. Hannah Hubbard, and from the widow and children of testator. It is admitted that Mrs. Hubbard, who is a daughter of testator by a former marriage, has children; and that Mrs. McDonniel has children by the testator. Mrs. Latham claims that under the will Mrs. Hubbard took the estate in fee, the words "issue of her body" and "such

issue" being equivalent to the word "heirs," within the meaning of the decision in Norris *vs*. Hensley, 27 Cal., 439.

In opposition, it is claimed that Mrs. Hubbard took but a life estate, remainder over to such issue of her body as should survive her; and failing such issue, remainder to the heirs of testator.

The executor desires information and instruction as to the distribution of the property referred to in the second clause of the will.

By the Court: I find the law upon this subject very clearly laid down in 2 Washburn on Real Property, pp. 270–4; in O'Hara on Interpretation of Wills, 4 Kent, 273; and 2 Redfield.

Where the estate was limited to the wife for life, remainder to the heirs of the bodies of the husband and wife, the freehold being in the wife alone, the limitation over would be a remainder, and their heirs would take as purchasers. Where the limitation of the remainder is to a son or sons, or to children or issue, the persons thus designated take as purchasers, and do not come within the rule in Shelley's case. The words "child or children" are, in their usual sense, words of purchase, and are always so regarded, unless the testator has unmistakably used them as descriptive of the extent of the estate given, and not to designate the donees. A question arose in New Jersey, in relation to a grant to A. for life, and at her death to her children. The Court of Errors decided it to be a life estate only in the first taker. "Issue" in a will is either a word of purchase or inheritance, as will best answer the intention of the testator; in a deed it is always taken as a word of purchase. In the case at bar, it seems to be clear and unequivocal, who were to take after the life estate. In the first clause, the words "issue of her body" clearly indicate that those who came from her body and who should be living at her death, and those only, are to take; and if she were to die without issue, her heirs were not intended to have the estate, but the estate would revert to the heirs of the testator. The testator used express words of distribution, "share and share

alike," which aid in ascertaining his intention.   In the stat-
ute of this State concerning descents and distributions, in
force when the testator died, the word issue is repeatedly
used as equivalent to children.   At the time the will was
made, Mrs. Hubbard had children then living.   The words
of the will do not purport to embrace issue *ad infinitum*, but
such only as should be in existence at Mrs. Hubbard's death.
Mrs. H.'s issue then living are to take as purchasers; after-
born issue would have no interest in the will.   I do not
think that this case is within the rule decided in Norris *vs.*
Hensley, but that the testator designated persons standing
in a certain relationship with Mrs. Hubbard who are to
take, not as her heirs, but by purchase.

The general current of authorities seems to be that while
the rule in Shelley's case is inflexible, whenever the words
used indicate that those who are named to take the after
estate, take it as heirs, yet, as the rule is contrary to the
evident intention of the testator, it will be applied only
where it must be.

The property should be distributed to Mrs. Latham dur-
ing the life of Mrs. Hubbard, and upon the death of Mrs.
Hubbard leaving issue of her body her surviving, to such
issue in fee; and in case of the death of Mrs. Hubbard leav-
ing no issue of her body her surviving, to Mrs. Latham in
fee.

The property mentioned in the second clause of the will
should be distributed, a life estate to Mrs. McDonniel, with
remainder in fee to such of the children of herself and the
testator, if any, as shall survive, and with a conditional re-
mainder in fee to Mrs. Hubbard and her then surviving chil-
dren if no children of Mr. and Mrs. McDonniel shall sur-
vive Mrs. McDonniel.

Decree accordingly.